UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

**Alice M. Jones,**

    *Plaintiff*,

v.                    Case No. 3:04-cv-152
                       Judge Thomas M. Rose

**Select Industries Corp. and Mike Dankworth,**

    *Defendants*.

___

**OMNIBUS ENTRY AND ORDER RESOLVING PRETRIAL MOTIONS**
___

**A.**  **Defendants' Motion in Limine to Exclude Evidence of Emotional Distress, Doc. 34, is granted.**

In Docket Entry 34, Defendants move to exclude all evidence of emotional distress, asserting that it is irrelevant and unfairly prejudicial. Plaintiff responds that the emotional distress shows an animosity towards her. Any number of factors, however, could cause emotional distress. The emotional distress, moreover, would be, at best, a *result* of animosity that may have existed, not evidence of its existence. Plaintiff further asserts that this is relevant to compensatory damages. The Sixth Circuit has rejected this position, noting that:

> 29 U.S.C. 2617(a)(1)(A) provides that:
>
>> Any employer who violates § 2615 of this title shall be liable to any eligible employee affected for damages equal to the amount of (I) any wages, salary, employment benefits, or other compensation denied or lost to such employee by reason of the violation; or in a case in which wages, salary, employment benefits, or other compensation have not been denied or lost to the employee, any actual monetary losses

> sustained by the employee as a direct result of the violation; (ii) the interest on the amount described in clause (I); and (iii) an additional amount as liquidated damages equal to the sum of the amount described in clause (I) and the interest described in clause (ii) when the employer acted in bad faith.
>
> The fact that the *Arban* court cites to § 2617 demonstrates that the words "compensatory damages" as used in *Arban* referred to the damages enumerated in 29 U.S.C. § 2617(a)(1)(A). This conclusion is consistent with the underlying logic of the cases from the other circuits disallowing damages for emotional distress under the FMLA. Therefore, we find that Brumbalough's reliance on *Arban* in claiming that this Circuit allows recovery of damages for emotional distress and injuries under the FMLA is misplaced.

*Brumbalough v. Camelot Care Centers, Inc.*, 427 F.3d 996, 1007-08 (6th Cir. 2005). Thus, evidence of emotional distress is irrelevant to this case, and the motion will be granted.

**B.     Defendants' Motion in Limine to exclude Evidence Regarding the Details of Jeffery Love's Medical Condition and to Exclude Him from the Courtroom, doc. 35, is denied.**

Docket entry 35 seeks to exclude evidence that Jeffery Love had a medical condition that qualifies Plaintiff for FMLA leave and to exclude him from the courtroom. Defendants challenge the relevance of such evidence, due to their stipulation that Love meets the statutory definition. Love's condition is relevant to Jones' qualification for FMLA leave. Defendants' stipulation allows Plaintiff to forego evidence on this point, but does not require it. The evidence is relevant and will be allowed. The Courtroom, moreover, is an open forum, and Jeffery Love will not be barred from it.

**C.     Defendants' Motion in Limine to Exclude Lena McCabe's Testimony, doc. 36, and Defendants' Motion in Limine to Exclude Scott McCabe's Testimony, doc. 50, are denied.**

Docket entries 36 and 50 seek to exclude testimony of two witnesses regarding an alleged pattern or practice of discriminating against employees who utilize FMLA leave. Defendants assert that Plaintiff must allege in her complaint the existence of a pattern or practice of discrimination in order to present evidence of such. The case they cite for this proposition, however, *Stooksbury v. Rohm & Haas Tennessee, Inc.*, 71 Fed. Appx. 444 (6th Cir. 2003), notes that plaintiff in that case did not even mention "pattern or practice" in the opposition to the motion for summary judgment. In the instant case, a pattern or practice was alleged in opposition to the motion for summary judgment. Similarly, *Bacon v. Honda of America Mfg., Inc.*, 370 F.3d, 565 (6th Cir. 2004), which Defendants cite for the proposition that the pattern or practice method of proving discrimination is not available to individual plaintiffs, allows "pattern-or-practice evidence may be relevant to proving an otherwise-viable individual claim for disparate treatment under the *McDonnell Douglas* framework." *Id.*, at 575. In this case, the claim is "otherwise-viable." Therefore, these motions will be denied. Scott McCabe's testimony, however, like all testimony in the trial, will be subject to the rules governing hearsay.

**D.      Defendants' Motion in Limine to Exclude Plaintiff's Hearsay Testimony, doc. 37, is granted.**

Docket entry 37 seeks to exclude a statement allegedly made by Dawn Shepherd to Plaintiff. Plaintiff's opposition seeks to allow the testimony to show her state of mind, but the state of mind exception to hearsay only exists to show the state of mind of the declarant. Fed. R. Evid. 803(3). Thus, the motion is granted.

**E.      Defendants withdrew the motion at docket entry 38 in docket entry 58.**

**F.      Defendants' Motion in Limine to Exclude Evidence Relating to Referral Bonus, doc. 39, is granted.**

Because the Court has previously ruled that there is no evidence that Plaintiff fulfilled the requirements of Select Industries' referral bonus policy, the Court grants the motion to exclude evidence that this bonus was denied.

**G.  Defendants' Motion in Limine to Exclude Plaintiff's Testimony Regarding 9/11 Incident, doc. 41, is denied.**

In another motion, Defendants seek to exclude evidence that Defendants failed to inform Plaintiff that a daycare center had sent her son to a hospital with a fever on September 11, 2001. While this incident involves Plaintiff's son, and not Jeffery Love, Plaintiff's nephew, who qualified Plaintiff for FMLA leave, Plaintiff asserts it is evidence of retaliation, as it occurred after she had filed the documents necessary to qualify for FMLA leave. The Court will allow the evidence.

**DONE** and **ORDERED** in Dayton, Ohio, this Friday, July 28, 2006.

/s/ Thomas M. Rose

———————————————————
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE